**UNITED STATES of America, Appellee,**

v.

**Tyron HAMMOND, aka N.O., aka Tyrone Hammond, Defendant–Appellant.**

**No. 13–4739.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2015.

J. Patten Brown, III, West Hartford, CT, for Defendant–Appellant.

Anthony E. Kaplan, Assistant United States Attorney, (Marc H. Silverman, Assistant United States Attorney, on the brief), for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: ROBERT A. KATZMANN, Chief Judge, AMALYA L. KEARSE, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Tyron Hammond appeals from a judgment of conviction entered on December 12, 2013 by the United States District Court for the District of Connecticut (Hall, *C.J.*). Hammond challenges the district court's denial of his motion to suppress evidence seized from a New Haven, Connecticut residence. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

On appeal, Hammond contends that the district court erred by admitting the seized evidence under the inevitable discovery doctrine. The record reveals, however, that the district court denied Hammond's motion to suppress for two separate reasons: first, that the evidence had been lawfully seized pursuant to a search warrant executed subsequent to Hammond's arrest, and second, that even assuming the evidence had been seized during the arrest, it would have been inevitably discovered during the subsequent search. *See* Gov't App'x 117–119, 124.

Hammond confines his appellate brief to the issue of inevitable discovery, and does not argue that the district court erred by finding that the evidence was lawfully seized pursuant to a search warrant. Accordingly, he has abandoned any challenge to that conclusion. *See, e.g., LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995) (citing Fed. R.App. P. 28(a)(6)). Because that conclusion supplied an independently sufficient basis for denying Hammond's motion to suppress, we see no error.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.